25 F.3d 17
 John M. HEGARTY as Personal Representative of the Estate of
Katherine A. Hegarty, and Individually, Plaintiff, Appellee,
v.
SOMERSET COUNTY, Gary Wright, Rene Guay, Wilfred Hines,
Thomas Giroux Jr., William Crawford, Jr.,
Defendants, Appellants.
John M. HEGARTY as Personal Representative of the Estate of
Katherine A. Hegarty, Plaintiff, Appellee,
v.
SOMERSET COUNTY, et al., Defendants, Appellees,
Gary Wright, Defendant, Appellant.
 Nos. 94-1473, 94-1474.
 United States Court of Appeals,
First Circuit.
 May 31, 1994.
 
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 
 MEMORANDUM AND ORDER OF COURT
 
 1
 Katherine Hegarty was shot and killed in her Jackman, Maine home by police officers attempting to execute a warrantless entry and arrest. Her husband, James, both individually and on behalf of his wife's estate, brought suit for money damages, against the officers involved, county and state supervisory personnel, and Somerset County. The suit alleged claims pursuant to 42 U.S.C. Sec. 1983 as well as pendent state claims under the Maine Civil Rights Act, 5 M.R.S.A. Secs. 4681-4685 (Supp.1993), and the Maine Tort Claims Act, 14 M.R.S.A. Secs. 8101-8118 (1980 & Supp.1993).
 
 
 2
 The defendants moved for summary judgment on the basis of qualified immunity. The court granted summary judgment in favor of Somerset County and the supervisory personnel on the federal and state civil rights claims. The court denied summary judgment on the basis of qualified immunity to the individual officers involved--Gary Wright, Rene Guay, Wilfred Hines, Thomas Guiroux, Jr., and William Crawford, Jr.[1]
 
 
 3
 The five officers have taken an immediate interlocutory appeal of the denial of qualified immunity. See Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). These defendants asked the district court to stay discovery in the case while these appeals are pending. The district court denied that request. It ordered (a) plaintiff to designate experts and disclose expert testimony by May 15, 1994; (b) defendants to designate experts and disclose expert testimony by June 1, 1994; and (c) both parties to complete discovery by July 1, 1994. It set an expected trial date of August 15, 1994.
 
 
 4
 In denying the officers' request to stay discovery, the court concluded that "a significant amount of discovery remains" and that "that discovery would not disrupt greatly the operation of State government." It also stated that "The Court made it clear to counsel that the whole purpose with proceeding with discovery is not to waste the time pending the First Circuit Court decision in the event the Court affirms the District Court opinion on qualified immunity."
 
 
 5
 On May 9, 1994, we entered an order granting the officers' emergency request to stay district court discovery pending their appeal of the denial of qualified immunity. The request was granted "pending further order of this court." We now elaborate the basis for our May 9 order and extend the stay of discovery pending our determination of these appeals.
 
 
 6
 A qualified immunity defense is an immunity from suit and the rationale for allowing an immediate appeal from the denial of qualified immunity is that the immunity from suit is effectively lost if a case is erroneously permitted to go to trial. See Mitchell v. Forsyth, 472 U.S. at 525-27, 105 S.Ct. at 2814. The immunity from suit includes protection from the burdens of discovery. "Until this threshold immunity question is resolved, discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). We recognize that Harlow's reference to staying discovery was in the context of the district court's resolution of the immunity question. But in light of the Court's later determination that a denial of qualified immunity is entitled to immediate appellate review, see Mitchell v. Forsyth, supra, we believe that the stay of discovery, of necessity, ordinarily must carry over through the appellate court's resolution of that question, so long as the appeal is non-frivolous. The rationale for staying discovery applies with no less force while the appeal, to which the officers are entitled, proceeds. It is important to note what is not involved here. As the officers concede, the district court, prior to its ruling on the issue of qualified immunity, properly ordered some discovery limited to that issue. See Anderson v. Creighton, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987) (reciting that discovery tailored specifically to the question of qualified immunity may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved). What the district court thereafter authorized, and what we have stayed pending these appeals, is more extensive discovery directed at the merits of the case.[2]
 
 
 7
 We need go no further. For the reasons cited, we stay further discovery pending resolution of the instant appeals.
 
 
 
 [1]
 Apart from asserting qualified immunity as a defense to Hegarty's claims under Sec. 1983 and the Maine Civil Rights Act, all the defendants asserted "discretionary immunity" under state law for the claims brought pursuant to the Maine Tort Claims Act. The court found that all the defendants, except Somerset County, are immune from suit on Hegarty's state tort claims on the basis of discretionary immunity
 So, what remains is this: Hegarty's Sec. 1983 and Maine Civil Rights Act claims against the five individual officers and Hegarty's Maine Tort Claims Act claims against Somerset County.
 
 
 [2]
 We also point out that the underlying case is one for money damages only and does not request injunctive relief, as to which a defense of qualified immunity is immaterial. Cf. Lugo v. Alvarado, 819 F.2d 5 (1st Cir.1987) (concluding that equitable claims stand on a different footing than damage claims, so as to authorize a district court to permit discovery as to the equitable claims)