70 F.3d 110
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Alex A. TARABOLSKI, Plaintiff, Appellant,
v.
The TOWN OF SHARON, et al., Defendants, Appellees.
 No. 95-1382.
 United States Court of Appeals, First Circuit.
 Nov. 13, 1995.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge]
 Alex A. Tarabolski on brief pro se.
 Steven R. Kruczynski and Pamela Storm on brief for appellees, Town of Sharon, Roni Thaler, Henry D. Katz, Norman Katz, Timothy Earley, David Martin and James Polito.
 Susan E. Bernstein and Morrison, Mahoney & Miller on brief for appellees, Donald Williams, Frederick J. Jones, Jr., Bernard Coffey and Joseph Bernstein.
 D.Mass.
 AFFIRMED.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alex A. Tarabolski filed pro se a complaint alleging that on January 18, 1991, Sharon police officer Donald Williams broke into his home and forced him to enter a hospital for psychiatric examination in violation of his federal civil rights and state law. In addition to Williams, Tarabolski sued various other past and present members of the Sharon Police Department, various members of the Sharon Fire Department, the selectmen of the Town of Sharon, and the Town of Sharon. The district court dismissed with prejudice the claims against the selectmen, the Town, and the fire department officials after Tarabolski flatly refused to comply with the court's order to file a more definite statement. See Fed.R.Civ.P. 12(e). Summary judgment was entered in favor of the police department defendants on the remaining federal and state law claims. See Fed.R.Civ.P. 56(c). This appeal followed.
 
 
 2
 Having reviewed the complaint, we are persuaded that the district court did not abuse its discretion in ordering Tarabolski to file a more definite statement. The allegations against the selectmen, the Town, and the fire department officials were vague and conclusory. Given Tarabolski's unwillingness to elucidate, and the apparent lack of merit to his claims, we think the district court acted within its discretion in dismissing the claims against these defendants. Cf. Kuehl v. FDIC, 8 F.3d 905, 908-09 (1st Cir.1993) (affirming dismissal with prejudice based on plaintiff's failure to comply with Fed.R.Civ.P. 8(a)), cert. denied, 114 S.Ct. 1545 (1994).
 
 
 3
 We review de novo the grant of summary judgment in favor of the police department defendants and affirm the judgment essentially for the reasons stated by the district court. We add that the same facts which justified Williams in concluding that Tarabolski required protective custody would also justify a reasonable officer in believing that an emergency warrantless entry was appropriate. See Mincey v. Arizona, 437 U.S. 385, 392-93 (1978) (discussing emergency exception to warrant requirement); Sheik-Abdi v. McClellan, 37 F.3d 1240, 1244 (7th Cir.1994) (same), cert. denied, 115 S.Ct. 937 (1995). Under the circumstances, the district court did not err in ruling that Williams is entitled to qualified immunity. See Hegarty v. Somerset County, 53 F.3d 1367, 1372-79 (1st Cir.1995) (qualified immunity affords law enforcement officials a safe haven where the challenged conduct is objectively reasonable).
 
 
 4
 We have carefully considered Tarabolski's objections to various interim rulings of the district court and reject them as without merit. We note, in particular, that there is no absolute constitutional right to a free lawyer in a civil case, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir.1991), and we find no abuse of discretion in the district court's denial of Tarabolski's requests for court-appointed counsel. Finally, we add that to the extent that Tarabolski seeks relief from judgment under Rule 60(b) based on allegations of fraud, such a request is appropriately addressed to the district court.
 
 
 5
 Affirmed. No costs.