Brian Smith v. Grafton County        cv-95-35-B    12/5/96

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE


Brian S. Smith

    v.                                   Civil No.  95-35-B

Grafton County Correctional
Facility, et al.


## O R D E R

Plaintiff contends that the defendants violated his Fourteenth Amendment right to due process by failing to protect him from injury by a fellow inmate.  Although plaintiff was a pretrial detainee when his claim arose, his claim is subject to the familiar deliberate indifference standard that also applies to Eighth Amendment claims.  See Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 17 (1st Cir. 1995); Elliott v. Cheshire County, New Hampshire, 940 F.2d 7, 10 n.2 (1st Cir. 1991).  Deliberate indifference in the Eighth Amendment context requires subjective recklessness so that a prison official will be held liable only if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994).

Defendants assert in their summary judgment motion that plaintiff cannot prove defendants acted with deliberate

indifference.  In responding to the motion, plaintiff must "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56.  This burden cannot be satisfied "unless there is sufficient evidence [in the record] favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)(citations omitted).  Moreover, plaintiff cannot merely rely on "conclusory allegations, improbable inferences, and unsupported speculation."  Coll v. PB Diagnostic Systems, Inc., 50 F.3d 1115, 1121 (1st Cir. 1995) (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).  Instead, plaintiff must base his opposition to the motion on affidavits or other documents that are based on personal knowledge and that set forth facts that would be admissible at trial.  Fed. R. Civ. P. 56; Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir. 1990).

After determining that plaintiff's initial response to the summary judgment motion was inadequate, I instructed plaintiff to file a supplemental response demonstrating that "a triable case exists with respect to plaintiff's claims that defendants knew of and disregarded a substantial risk that plaintiff would be assaulted by his fellow inmate."  Order dated June 13, 1996.

Accepting the truth of plaintiff's properly supported factual allegations and construing his submissions in the light most favorable to him, plaintiff nevertheless fails to sufficiently support his claim that the defendants acted with

deliberate indifference. The full extent of plaintiff's submissions consists of his affidavit. This submission states that a few days before he was injured by inmate Dumont, correctional officers had to "continually run back into the cellblock to investigate and break up inmate Dumont and [the plaintiff] . . . . approximately 20 to 30 times in a three or four day period of time." It also asserts that the plaintiff informed Officer Dale Paronto about the "physical and mental attacks from inmate Dumont" after these altercations but before the injury and that Paronto informed the plaintiff that he would have to personally witness an attack before he could do anything about it. However, plaintiff has provided no supporting details concerning the 20 to 30 altercations that he alleges. There is no indication that these "altercations" were serious, caused any injuries, or were physical as opposed to verbal disagreements. On the contrary, it is undisputed that Officer Paronto considered them to be "bickering" of the type witnessed every day in a cellblock. Under these circumstances, plaintiff's conclusory allegations are insufficient to support his claim that defendants were aware of and disregarded a substantial risk that plaintiff was in imminent danger of serious harm.[1] Accordingly,

---

[1]Plaintiff has included the Grafton County Correctional Facility and other correctional administrators as defendants on the theory of supervisory liability. However, supervisory liability cannot attach unless the supervisor's actions "le[a]d inexorably to [a] constitutional violation." Hegarty v. Somerset County, 53 F.3d 1367, 1380 (1st Cir.) (citing Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 92 (1st Cir. 1994 )), cert. denied, 116 S. Ct. 675 (1995). As the plaintiff has failed to

defendants' motion for summary judgment (document no. 43) is granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge


December 5, 1996

cc:  Brian Smith, pro se
     David Slawsky, Esq.

_____

establish an underlying constitutional violation, his supervisory liability claims fail.