Josue **MUÑOZ CRUZ**, Plaintiff

v.

**MUNICIPALITY OF SAN JUAN,**
et al., Defendants

Civil No. 00–1476(JP).

United States District Court,
D. Puerto Rico.

May 17, 2001.

Bamily López–Ortiz, Annette M. Danner–Rodríguez, López Toro Law Offices, Hato Rey, PR, for Plaintiff.

Adrián Mercado, Mercado & Soto, Jo–Ann Estades–Boyer, Department of Justice of P.R., Federal Litigation Division, Carlos M. Sánchez–La–Costa, Municipality

of San Juan, Office of Legal Affairs, San Juan, PR, for Defendants.

## OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

Before the Court is the Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Co-defendant Jorge L. Collazo, in his personal capacity (**docket No. 55**) and Plaintiff Josué Muñoz Cruz's Opposition thereto (docket No. 63). Plaintiff brings this action under 42 U.S.C. § 1983 against Defendants Municipality of San Juan, Colonel Jorge L. Collazo, Sergeant Héctor Lozada, James Stanoski, and Carlos Borin.[1] Each of the individual Co-defendants is sued in both his individual and official capacities. Plaintiff claims that Defendants violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution by using excessive force in his arrest and detention, by maliciously prosecuting him, by failing to adequately train its municipal agents, and/or by tolerating a municipal policy or custom of the aforementioned conduct. Co-defendant Collazo moves for dismissal, arguing that Plaintiff makes only conclusory allegations incapable of establishing an affirmative link between Collazo's actions and the alleged harm suffered.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff filed the instant Complaint on April 17, 2000. Co-defendant Jorge L. Collazo is the former Municipal Police and Public Safety Commissioner for the Municipality of San Juan, and Plaintiff claims that in this capacity he had the duty to properly recruit, train, discipline, and supervise municipal police officers. Plaintiff further alleges that Collazo was the official responsible in the Municipality of San Juan for establishing final policy with respect to the course of conduct described in the Complaint. Co-defendant Lozada is a sergeant in the municipal police force and the supervisor of Stanoski and Jason Torres. Co-defendant Stanoski and Jason Torres are both municipal police officers.

The Complaint states that on April 17, 1999, Co-defendants Lozada and Stanoski, joined by Jason Torres, abruptly detained the vehicle in which Plaintiff was a passenger on Tanca Street in Old San Juan. The vehicle was being driven by Plaintiff's friend, Jorge Gerónimo Torres ("Jorge Torres"). One of the two municipal police officers ordered Jorge Torres to step out of the vehicle, and one of these two officers then proceeded to beat Plaintiff in the face while Plaintiff remained seated in the passenger seat. Plaintiff suffered a fractured nose. Co-defendant Lozada was present during these events and observed what transpired, but did not intervene. Co-defendant Lozada's only intervention was to ask whether any charges were going to be filed against Plaintiff, to which one of the municipal police officers replied in the affirmative.

Thereafter, Plaintiff claims that Jason Torres and Co-defendants Lozada and Stanoski willfully, and in reckless disregard for Plaintiff's civil rights, withheld information from the Court of First Instance of Puerto Rico concerning what had transpired at the traffic stop on April 17, 1999. Based on the allegedly incomplete information, the Puerto Rico court ordered the filing of various felony charges against Plaintiff for obstruction of justice and breach of the peace. According to the

---

1. The Court entered default against Borin after he failed to file a responsive pleading or otherwise appear in this action after service of process. Plaintiff also named as a co-defendant Jason Torres; the Court dismissed Torres, however, because Plaintiff failed to serve him with summons and the Complaint in a timely fashion.

Complaint, Co-defendant Collazo has permitted municipal police officers to fabricate cases against citizens in order to cover up their own unlawful conduct, and also failed to fulfill his duty to establish a policy of educating the municipal police force in what constitutes reasonable cause for detaining a suspect and the proper manner of effectuating such detention. Plaintiff alleges to have suffered physical and mental distress as a result of the beating and of having to confront unfounded criminal charges.

## III. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996) (citations omitted); *see also Berríos v. Bristol Myers Squibb Caribbean Corp.*, 51 F.Supp.2d 61 (D.P.R.1999). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barceló v. Hernández–Agosto*, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)).

## IV. DISCUSSION

■ A supervisor may be found liable under 42 U.S.C. § 1983 only on the basis of his or her own actions or omissions. *See Seekamp v. Michaud*, 109 F.3d 802, 808 (1st Cir.1997); *Sánchez v. Alvarado*, 101 F.3d 223, 227 (1st Cir.1996); *Figueroa v. Aponte–Roque*, 864 F.2d 947, 953 (1st Cir.1989). In other words, it is insufficient to establish supervisory liability by merely establishing the existence of an employment relationship between a supervisor and a subordinate. *See City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 1202–03, 103 L.Ed.2d 412 (1989). To sustain a cause of action based on a theory of supervisory liability, a plaintiff must establish that "(1) the behavior of [the supervisor's] subordinates results in a constitutional violation and (2) the supervisor's action or inaction was 'affirmatively linked' to the behavior in the sense that it could be characterized as 'supervisory encouragement, condonation or acquiescence' or 'gross negligence of the supervisor amounting to deliberate indifference.'" *Hegarty v. Somerset County*, 53 F.3d 1367, 1379–80 (1st Cir.1995) (quoting *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 902–03 (1st Cir.1988)) (internal brackets and ellipses omitted); *see also Gutiérrez–Rodríguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir.1989). To demonstrate deliberate indifference, a plaintiff must show "(1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk." *Camilo–Robles v. Hoyos*, 151 F.3d 1, 7 (1st Cir.1998), *cert. denied*, 525 U.S. 1105, 119 S.Ct. 872, 142 L.Ed.2d 773 (1999). The "affirmative link" requirement necessitates proof that the supervisor's conduct "led inexorably to the constitutional violation." *Hegarty*, 53 F.3d at 1380 (citing *Febus–Rodríguez v. Betancourt–Lebrón*, 14 F.3d 87, 92 (1st Cir.1994)).

■ The First Circuit has observed that an important consideration in determining

the existence of supervisory liability is whether a supervisor "was put on notice of behavior which was likely to result in the violation of ... constitutional rights." *Camilo–Robles,* 151 F.3d at 7 (quoting *Febus–Rodríguez,* 14 F.3d at 93). Supervisory liability, however, does not require a showing that the supervisor had actual knowledge of the offending behavior. *See id.; see also Muñiz–Souffront v. Alvarado,* 115 F.Supp.2d 237, 243 (D.P.R.2000). Rather, a supervisor may be held liable if he "formulates a policy or engages in a practice that leads to a civil rights violation committed by another." *Camilo–Robles,* 151 F.3d at 6–7; *see also Seekamp v. Michaud,* 109 F.3d 802, 808 (1st Cir.1997). Thus, even lacking actual knowledge of censurable conduct, a supervisor "may be liable for the foreseeable consequences of such conduct if he would have known of it but for his deliberate indifference or willful blindness, and if he had the power and authority to alleviate it." *Maldonado–Denis v. Castillo–Rodríguez,* 23 F.3d 576, 582 (1st Cir.1994) (citing *Miranda v. Muñoz,* 770 F.2d 255, 260 (1st Cir.1985)); *see also Dimarzo v. Cahill,* 575 F.2d 15, 17–18 (1st Cir.), *cert. denied,* 439 U.S. 927, 99 S.Ct. 312, 58 L.Ed.2d 320 (1978).

■ After carefully examining the Complaint, the Court finds that Plaintiffs have alleged a theory of supervisory liability under § 1983. Notwithstanding Co-defendant Collazo's attempt at characterizing this case as analogous to *Falcón v. Dávila,* that case bears significant dissimilarities. In *Falcón,* co-defendant Víctor Fajardo, Secretary of Education, was sued for the alleged constitutional violations committed by a Z.E.L.D.A. police officer. This Court found that Fajardo was subject to dismissal because the plaintiff's allegations pertaining to his supervisory liability were conclusory in nature and unsupported by specific factual allegations linking the co-

defendant's conduct to the alleged constitutional violation. *See Falcón,* Civ. No. 00–1337(JP), 2000 WL 1739311 (D.P.R.Oct. 30, 2000) (Pieras, J.). Because Z.E.L.D.A. police officers are not supervised by the Department of Education, the Court held that the plaintiffs failed to allege a nexus between Fajardo's conduct and the training of Z.E.L.D.A. police officers. *See id.*

Unlike *Falcón,* here Plaintiff specifically alleged Collazo's role in the actions described in the Complaint; namely, that Collazo, the former Municipal Police and Public Safety Commissioner for the Municipality of San Juan, with responsibility for training and supervising the municipal police corps, failed to adequately train municipal police officers in what constitutes a legal basis for a traffic stop, and the proper manner of detaining a suspect. The Complaint further states that Collazo "propitiated that municipal police officers fabricate cases against citizens to cover their own illegal actions and allowed such conduct to go unpunished," which the Court understands to mean that Collazo had knowledge that police officers were fabricating cases, yet did nothing to cease this unlawful practice. The harm alleged to be suffered by Plaintiff flows directly from these omissions. *See Figueroa v. Aponte–Roque,* 864 F.2d 947, 953 (1st Cir.1989) ("Supervisors need not have personal knowledge of the alleged violation, however, if they were indirectly responsible for or could have prevented the challenged act."); *Muñiz Souffront,* 115 F.Supp.2d at 243–44. Plaintiff ultimately bears the burden of establishing, however, that Collazo displayed deliberate indifference, measured by whether it "would be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights." *Hegarty,* 53 F.3d at 1380; *Febus–Rodríguez,* 14 F.3d at 92. This is a question of fact. Accordingly, the Court finds that Plaintiff has properly al-

leged supervisory liability against Co-defendant Collazo. *See Rivera v. Medina,* 963 F.Supp. 78, 85 (D.Puerto Rico 1997) (Pieras, J.).

## V. CONCLUSION

In view of the foregoing discussion, the Motion to Dismiss is hereby **DENIED.**

**IT IS SO ORDERED.**