**Harry AYALA, Plaintiffs**

v.

**Pierre VIVONI, et al., Defendants**
**No. CIV. 01–278(JP).**

United States District Court,
D. Puerto Rico.

July 29, 2002.

Carlos Fernandez–Nadal, Ponce, PR, for plaintiff.

Eileen Landron–Guardiola, Eduardo A. Vera Ramirez, Landron & Vera, LLP, San

Juan, PR, Salvador J. Antonetti–Stutts, Commonwealth Dept. of Justice, San Juan, PR, for defendants.

### OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

Before the Court the unopposed "Motion to Dismiss Under Rule 12(b) of The Federal Rules of Civil Procedure by Defendant Pierre Vivoni In His Personal Capacity"[1] (docket No. 15). Plaintiff brings this action under 42 U.S.C. § 1983 against Defendants Pierre Vivoni ("Vivoni"), Hector Pérez Rojas, Gerardo Rodríguez, Milton Lugo, José Barbosa and Pedro Toledo.[2] Plaintiff claims that Defendants violated his rights under the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution for illegal detention and arrest, illegal seizure, excessive use of force unlawful imprisonment, invasion of privacy, violation of due process and cruel and unusual punishment.

## II. PLAINTIFF'S ALLEGATIONS

The Court need not go into the depth of all of Plaintiff's allegations and instead focuses upon those allegations pertaining directly to Co–Defendant Vivoni and the time frame of the actions alleged in the Complaint.

1. That, on December 20, 2000, Plaintiff was in a car accident in San Germán, Puerto Rico and police officers were called to the scene.
2. That the police, after they had arrived, arrested plaintiff without warrant or probable cause.
3. That Plaintiff was pulled, pushed, shoved, cuffed, verbally assaulted and physically abused in front of the general public during the arrest.
4. That Plaintiff was detained on "open" charges, without bail and without cause.
5. That Plaintiff's finger was intentionally fractured during the taking of his fingerprints.
6. That Plaintiff was forced to have a blood examination.
7. That in addition to the broken finger, Plaintiff also suffered from other injuries such as bruises and lacerations about his head and body.
8. That Plaintiff was unlawfully delayed before being brought before a magistrate.
9. Than no criminal charges were ever proffered against Plaintiff.
10. That during this time period, Co–Defendant Vivoni was a Superintendent of the Police Department of Puerto Rico.
11. That Co–Defendant Vivoni had the duty of properly recruiting, training, disciplining and supervising the Police corps.
12. That Co–Defendant Vivoni ordered the implementation of a massive recruitment of police officer, despite actual knowledge of any of the applicants backgrounds.
13. That Co–Defendant Vivoni knew or should have known of the violent tendencies of the arresting officers.

1. On July 8, 2002 Plaintiff filed a motion with the Court which, among other things, requested an opportunity to receive documentation in order to oppose the current motion to dismiss. However, the Court found that Plaintiff's had exceeded the time limit allocated by the Federal Rules of Civil Procedure, to request an extension of time and the Court therefore denied it as moot. For this reason,

Co–Defendant Vivoni's motion is considered as unopposed.

2. Plaintiff failed to serve Pedro Toledo within the time allotted by Fed.R.Civ.P. 4(m) and pursuant to the same, this Court has dismissed the Complaint without prejudice against Pedro Toledo.

## III. LEGAL STANDARD FOR A MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996) (citations omitted); *see also Berríos v. Bristol Myers Squibb Caribbean Corp.*, 51 F.Supp.2d 61 (D.Puerto Rico 1999) (Pieras, J.). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barceló v. Hernández–Agosto*, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)). The Court, however, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States*, 144 F.3d 1, 2 (1st Cir.1998) (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir.1996)). It is with this framework in mind that this Court will assess the instant motion.

## IV. DISCUSSION

A supervisor may be found liable under 42 U.S.C. § 1983 only on the basis of his or her own actions or omissions. *See Seekamp v. Michaud*, 109 F.3d 802, 808 (1st Cir.1997); *Sánchez v. Alvarado*, 101 F.3d 223, 227 (1st Cir.1996); *Figueroa v. Aponte–Roque*, 864 F.2d 947, 953 (1st Cir.1989). In other words, it is insufficient to establish supervisory liability by merely establishing the existence of an employment relationship between a supervisor and a subordinate. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 1202–1203, 103 L.Ed.2d 412 (1989). To sustain a cause of action based on a theory of supervisory liability, a plaintiff must establish that "(1) the behavior of [the supervisor's] subordinates results in a constitutional violation and (2) the supervisor's action or inaction was 'affirmatively linked' to the behavior in the sense that it could be characterized as 'supervisory encouragement, condonation or acquiescence' or 'gross negligence of the supervisor amounting to deliberate indifference.' " *Hegarty v. Somerset County*, 53 F.3d 1367, 1379–80 (1st Cir.1995) (quoting *Lipsett*, 864 F.2d at 902–03) (internal brackets and ellipses omitted); *see also Gutiérrez–Rodríguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir.1989). To demonstrate deliberate indifference, a plaintiff must show "(1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk." *Camilo–Robles v. Hoyos*, 151 F.3d 1, 7 (1st Cir.1998), *cert. denied*, 525 U.S. 1105, 119 S.Ct. 872, 142 L.Ed.2d 773 (1999). The "affirmative link" requirement necessitates proof that the supervisor's conduct "led inexorably to the constitutional violation." *Hegarty*, 53 F.3d at 1380 (citing *Febus–Rodríguez v. Betancourt–Lebrón*, 14 F.3d 87, 92 (1st Cir.1994)).

There can be no doubt that Plaintiff alleges that the officers' violated his constitutional rights. *See Somerset County*, 53 F.3d at 1380. Plaintiff additionally alleges that Co–Defendant Vivoni should be held liable due to his supervisory position over the allegedly offending officers. Plaintiff

alleges that his rights were violated on December 20, 2000. Co–Defendant Vivoni was Superintendent of the Puerto Rico Police Department from January, 2001 until December, 2001[3]. Essentially, the Court's analysis comes down to a question of timing. For all intents and purposes, Co–Defendant Vivoni did not become a supervisor until after the date of the officers' alleged violations. For this reason, the Court finds difficulty in finding that Co–Defendant Vivoni's actions or failure to act was "affirmatively linked" to the officers' behavior. *See Id.*

■ The Court understands that Plaintiff is not limited to a singular date in bringing his claim of supervisory liability. In fact, it is quite the contrary. The First Circuit has observed that an important consideration in determining the existence of supervisory liability is whether a supervisor "was put on notice of behavior which was likely to result in the violation of ... constitutional rights." *Camilo–Robles*, 151 F.3d at 7 (quoting *Febus–Rodríguez*, 14 F.3d at 93). Supervisory liability, however, does not require a showing that the supervisor had actual knowledge of the offending behavior. *See id.; see also Muñiz Souffront v. Alvarado*, 115 F.Supp.2d 237, 243 (D.Puerto Rico 2000). Rather, a supervisor may be held liable if he "formulates a policy or engages in a practice that leads to a civil rights violation committed by another." *Camilo–Robles*, 151 F.3d at 6–7; *see also Seekamp*, 109 F.3d at 808. Thus, even lacking actual knowledge of censurable conduct, a supervisor "may be liable for the foreseeable consequences of such conduct if he would have known of it but for his deliberate indifference or willful blindness, and if he had the power and authority to alleviate it." *Maldonado–Denis v. Castillo–Rodríguez*, 23 F.3d 576, 582 (1st Cir.1994) (citing

*Miranda v. Muñoz*, 770 F.2d 255, 260 (1st Cir.1985)); *see also Dimarzo v. Cahill*, 575 F.2d 15, 17–18 (1st Cir.), *cert. denied*, 439 U.S. 927, 99 S.Ct. 312, 58 L.Ed.2d 320 (1978).

■ The Court finds it difficult to find that Co–Defendant Vivoni instituted a particular policy or custom in a department he was not yet the supervisor of. The Court finds it equally unlikely that Co–Defendant Vivoni knew of should have known of the officers' alleged violent tendencies. Even taking Plaintiff's allegation that Co–Defendant Vivoni instituted a mass recruitment policy without regard to the applicant's backgrounds would not affect the case at hand. This recruitment policy would not have had any effect upon the placement of the officers in the present case, as they were hired previous to Co–Defendant Vivoni's placement as superintendent. For these reasons, the Court hereby **GRANTS** Co–Defendant Pierre Vivoni's Motion to Dismiss the above captioned complaint against him in his personal capacity. Therefore, the above captioned complaint, as against Pierre Vivoni in his personal capacity, is hereby **DISMISSED WITH PREJUDICE.**

## V. CONCLUSION

In view of the foregoing discussion, the "Motion to Dismiss Under Rule 12(b) of The Federal Rules of Civil Procedure by Defendant Pierre Vivoni In His Personal Capacity" is hereby **GRANTED** and the above captioned complaint is hereby **DISMISSED WITH PREJUDICE,** as against Co–Defendant Pierre Vivoni.

IT IS SO ORDERED.

---

**3.** As Plaintiff has failed to oppose Co–Defendant Vivoni's motion, the Court takes the dates of Vivoni's position as superintendent to be true.