**K.M., a minor, Plaintiff,**

v.

**ALABAMA DEPARTMENT OF YOUTH SERVICES, et al., Defendants.**

**C.B., a minor, Plaintiff,**

v.

**Alabama Department of Youth Services, et al., Defendants.**

**T.A.B., a minor, Plaintiff,**

v.

**Alabama Department of Youth Services, et al., Defendants.**

**K.T., a minor, Plaintiff,**

v.

**Alabama Department of Youth Services, et al., Defendants.**

Nos. Civ.A. 02–T–320–N, Civ.A. 02–T–321–N, Civ.A. 02–T–322–N, Civ.A. 02–T–323–N.

United States District Court, M.D. Alabama, Northern Division.

Aug. 20, 2002.

Michael J. Crow, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, Robert Dean Drummond, Jr., Montgomery, AL, for plaintiffs.

H. Lewis Gillis, Kenneth Lamar Thomas, John W. Adams, Jr., Thomas Means Gillis & Seay PC, Montgomery, AL, William J. Samford, II, Mt. Meigs, AL, Valerie L. Acoff, James L. Richey, Thomas Means Gillis & Seay PC, Birmingham, AL, Andrew Clay Allen, Whatley Drake, LLC, Birmingham, AL, Peter Harrington Burke, Wahtley Drake, L.L.C., Birmingham, AL, William Monroe Dawson, Jr., Stephen C. Wallace, Birmingham, AL, for defendants.

Peter Aseme, Birmingham, AL, pro se, James M. Wooten, Birmingham, AL, Allen R. Stoner, Allen R. Stoner, P.C., Decatur, AL, for consolidated defendant.

## ORDER

MYRON H. THOMPSON, District Judge.

These cases all involve accusations of sexual abuse and harassment by security guards at the Alabama Department of Youth Services' Chalkville Campus Youth Detention Center. The plaintiffs, who all name the same set of defendants, sue not only the security guards themselves, but also supervisory personnel that, they allege, should have been aware of the pervasive abuse taking place at the Chalkville facility, as well as the state agency under whose care the plaintiffs were at the time of the abuse. All of the defendants except the security guards filed a motion to dismiss, arguing that qualified immunity or sovereign immunity insulated them from suit on these allegations. The Honorable Judge Ira De Ment, in an order dated June 19, 2002 (Doc. no. 35), held, among other things, that immunity was not appropriate for all of the federal claims, allowing the Title IX claim against defendant Alabama Department of Youth Services and

the 42 U.S.C.A. § 1983 claims under the fourteenth and eighth amendment against defendants Walter Wood and James Caldwell1 to proceed. These defendants filed an interlocutory appeal of the denial of immunity, as they are entitled to do, and, contemporaneously, asked the court to enter a stay of all proceedings while the appeal is resolved. The plaintiffs ask that any stay be a limited one which would allow them to conduct some discovery mostly targeted to preserving documents and identifying relevant witnesses before they are lost due the passage of time. The matter now rests before this court, as the case was reassigned to the undersigned judge on August 7, 2002. For the reasons below, the court will enter a stay of all proceedings against the appealing defendants and allow only activities narrowly constructed to preserve evidence as to the claims against the remaining defendants.

 The court starts from the general premise' that "until the threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Although the trial court has substantial discretion in discovery matters, "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford–El v. Britton*, 523 U.S. 574, 597–98, 118 S.Ct. 1584, 1596, 140 L.Ed.2d 759 (1998). Once the qualified immunity defense is raised, "balancing is done with a thumb on the side of the scale weighing against discovery." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir.1998). Once a non-frivolous appeal of a denial of immunity has been filed, a stay of discovery is obviously appropriate until the appellate court resolves the immunity issue. *Summit Medical Assoc. v. James*, 998 F.Supp. 1339 (M.D.Ala.1998); *see also Hegarty v. Somerset County*, 25 F.3d 17 (1st Cir.1994) ("The stay of discovery, of necessity, ordinarily must carry over through the appellate court's resolution of [the immunity] question, so long as the appeal is non-frivolous."). Therefore, a complete stay will issue as to the defendants who have appealed the denial of immunity. No discovery involving these defendants is authorized.

The plaintiffs argue that a stay should not be entered as to their claims against John Ziegler and Peter Aseme, the two defendants who did not join in the motion to dismiss on immunity grounds, and the plaintiffs want to proceed to trial as to these two defendants. Preliminarily, some sort of stay is required as to even these two defendants, because the court refuses to order these claims to proceed to trial because of the danger of wasting judicial resources through piecemeal litigation, which far outweighs any advantage for any of the parties. What really is the crux of the plaintiffs' request, however, is to be assured that the status quo is preserved regarding documents in the hands of the defendants and to be allowed some ability to ascertain what other girls in the system might have relevant information regarding the claims in this case before they leave the facilities and become exponentially harder to track down. Because the type of evidence sought by the plaintiffs can be ephemeral; because, as of now, the plaintiffs are entitled to proceed against the non-appealing defendants; and because, as a result of the appeal process (which could take between one and two years) and the additional discovery after the appeal (which could take an additional year or so), the plaintiffs are looking at a substantial period of time before their claims against the non-appealing defendants will go to trial, these concerns are legitimate.

The defendants counter by arguing that the claims against all of the defendants are so intertwined that allowing discovery to proceed against one is tantamount to allowing discovery to proceed against them all. According to the defendants, to preserve their immunity, should that immunity be found to exist on appeal, requires the prohibition of all discovery for all defendants during the pendency of the appeal. The court agrees that the discovery stay should generally extend to all discovery in this case, as there is no ascertainable line between that discovery needed in the case of the claims against Ziegler and Aseme and the claims of the other defendants.

496

However, there is also equity in saying that this discovery stay should not result in unfair prejudice to the rights of the plaintiffs and their claims against Ziegler and Aseme, from the loss of records or witnesses occasioned by the delay on appeal by the other defendants. *Cf. Summit Medical Assoc., supra,* 998 F.Supp. at 1350–51 (holding that stay of all proceedings was appropriate during appeal of denial of immunity, but noting that "this stay will not extend to any extraordinary request ... for a temporary restraining order; a preliminary injunction, or similar relief, the thrust of which is, among other things, to maintain the status quo or preserve the court's jurisdiction"). Therefore, some leeway is appropriate to give the plaintiffs the assurance that this passage of time will not irrevocably prejudice their claims against the non-appealing defendants. They should be allowed to collect limited information in order to identify potentially critical witnesses and to preserve documents that may well be central to their litigation as to the non-appealing defendants. Because the parties are in the best position to advise the court as to how to achieve this goal with the interest of all taken into consideration, the court will order that the parties confer and submit to the court a joint "preservation" plan that satisfies the goals expressed in this order.

Therefore, it is ORDERED that the motion to stay filed by defendants Alabama Department of Youth Services, Walter Wood, and James Caldwell on July 12, 2002 (Doc. no. 41), and the motion to stay filed by defendant John Ziegler on August 8, 2002 (Doc. no. 47), is:

(1) Granted to the extent that, as to defendants Alabama Department of Youth Services, Walter Wood, and James Caldwell, all discovery is stayed.

(2) Granted to the extent that, as to defendants John Ziegler and Peter Aseme, general discovery is stayed.

(3) Denied to the extent that, as to defendants Ziegler and Aseme, all parties to this lawsuit are to submit by August 28, 2002, a written plan that ensures that the information needed by the plaintiffs is not destroyed or lost during the time that the immunity issue is on appeal, taking into consideration the interests of all. If the parties cannot agree on such a plan, they are to separately file their proposals in writing by August 28, 2002, and the court will reconsider the matter at that time.

The clerk of the court is DIRECTED to close these cases for administrative purposes.