Lucilo **TAVAREZ–GUERRERO**, et al., Plaintiffs

v.

Pedro **TOLEDO–DAVILA**, et al., Defendants.

Civil No. 07–2250 (JAG).

United States District Court, D. Puerto Rico.

June 23, 2008.

---

Gladys E. Guemarez–Santiago, Gladys E. Guemarez Law Office, San Juan, PR, for Plaintiff.

Maria Judith Surillo, Valerie Maldonado–Rivera, Monica A. Sanchez–Rivera, Department of Justice, Margarita Cintron–Solla, Mercado & Soto, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Sergeant FNU Rosa ("Rosa") Pro Se Motion to Dismiss. (Docket No. 41). For the reasons set forth below, the Court **DENIES** Rosa's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 2007, Lucilo Tavarez Guerrero ("Lucilo"), Santos Evelyn Bonilla Diaz ("Santos"), and the conjugal partnership constituted by both of them (collectively "Plaintiffs") filed the present complaint. Plaintiffs state that on April 12, 2007, on or around 7:00 pm, several municipal and state police officers forcefully broke into their home as if they were

conducting a drug raid. Plaintiffs claim that the police officers did not have a search warrant and completely ignored their pleas and inquiries about why they were there and what they were looking for. Plaintiffs were then arrested by the police officers. Santos claims that during her arrest, Agent Marvin Colon ("Marvin"), one of the police officers present at her house, violently threw her to the ground and handcuffed her. Santos also claims that Marvin then dragged her for a distance of about sixty (60) feet and brusquely pushed her into a patrol car. According to Santos, as a result of said action, she suffered several cuts, bruises and trauma to her head, face, arms, and legs.

Plaintiffs state that Marvin then arrested Lucilo. Plaintiffs aver that after they were arrested, the police officers proceeded to conduct a warrantless search of their house, taking a machete and their keys. Afterwards, the police officers took Santos to the Barrio Obrero Police Station and Lucilo to the municipal police station. According to Plaintiffs, they stayed in their prison cells without food or water until 12 Noon of the following day when they were both taken to the San Juan Judicial Center in Hato Rey. At the Judicial Center, Plaintiffs were handcuffed and placed in prison cells for two additional hours. On April 13, 2007, criminal charges were filed against Plaintiffs, however, they were dismissed on May 15, 2007. Judgment to that effect was entered on that same date and notified on June 1, 2007.

Plaintiffs filed the present complaint alleging that their arrest was illegal. Furthermore, Plaintiffs aver that they were submitted to an unreasonable search and seizure in the privacy of their homes. Moreover, Plaintiffs claim that excessive force was used against them by the police officers involved in their arrest. Plaintiffs request money damages under the Civil Rights Act, 42 U.S.C. § 1983, the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment of the Constitution of the United States, the Constitution of the Commonwealth of Puerto Rico and under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141.

The present complaint was filed against Marvin, Rosa, other police officers, Pedro Toledo ("Toledo") as Chief of Police in Puerto Rico, and the Mayor of San Juan. According to Plaintiffs, Marvin is liable to them in his personal capacity for the acts that he committed on April 12, 2007. Plaintiffs contend that Toledo, is liable because he implemented policies, laws, and regulations, which promote illegal search and seizures and violations of civil rights. Furthermore, Plaintiffs contend that Toledo is liable because he did not adequately train the Puerto Rico police officers that took part in the aforementioned events (hereinafter "the police officers"). Additionally, Plaintiffs allege that Toledo failed to take disciplinary actions against the police officers.

Plaintiffs also aver that Rosa is liable because he negligently trained or failed to train and discipline said officers. Likewise, Plaintiffs claim that Rosa allowed the police officers he supervised to perform illegal search and seizures. (Docket No. 3).

On March 13, 2008, Toledo moved to dismiss Plaintiffs' complaint. Toledo averred that Plaintiffs failed to state a valid constitutional claim under the Fifth, Eighth, and Fourteenth Amendments. Toledo also claimed that he was entitled to qualified immunity. In addition, Toledo alleged that Plaintiffs' claims should be dismissed because he is protected by the non-respondeat superior liability doctrine. Finally, Toledo argued that Plaintiff's state law claims should also be dismissed.

(Docket No. 16). On May 5, 2008, Marvin moved to join Toledo's Motion to Dismiss. Specifically, Marvin joined all of Toledo's arguments excluding the *non-respondeat superior* liability doctrine argument. (Docket Nos. 28 and 29). On May 6, 2008, Marvin's request for joinder was granted by this Court. (Docket No. 30).

On May 16, 2008, 573 F.Supp.2d 507, this Court issued an Opinion and Order granting in part and denying in part Marvin and Toledo's Motion to Dismiss. The Court dismissed Plaintiffs' Fifth and Ninth Amendment claims. However, the Court held that Plaintiffs may have a valid Fourth, Eighth, and Fourteenth Amendment claim. In addition, the Court found that Plaintiffs overcame the qualified immunity defense brought forth by Marvin and Toledo. Finally, the Court concluded that Plaintiffs had proffered an adequate supervisor liability claim under section 1983. (Docket No. 33).

On May 30, 2008, Rosa moved to dismiss Plaintiffs' claims against him. (Docket No. 41). Plaintiffs did not oppose Rosa's motion.

## STANDARD OF REVIEW

A. *Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Standard*

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95–96 (1st Cir.2007)(quoting *Twombly*, 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly*,

127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*quoting Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

## Discussion

Rosa alleges that Plaintiffs' claims against him should be dismissed because he did not directly participate in Plaintiffs' arrest. Specifically, Rosa states that he did not speak to or touch Plaintiffs. Furthermore, Rosa claims that Plaintiffs had already been arrested and were inside patrol cars when he arrived at the location where the April 12, 2007 events transpired. (Docket No. 41).

However, Rosa is being sued for his role as a supervisor of the police officers and not because he directly participated in the April 12, 2007 events. Namely, Plaintiffs

contend that Rosa is liable because he allowed the police officers he supervised to perform illegal search and seizures. Furthermore, Plaintiffs contend that Rosa is liable because he did not adequately train and discipline the Puerto Rico police officers that took part in the aforementioned events.

■■■ Under section 1983, supervisory liability can only be grounded on the supervisor's own acts or omissions either through the supervisor's direct participation in the unconstitutional conduct, or through conduct that amounts to condonation or tacit authorization. *Whitfield v. Melendez–Rivera,* 431 F.3d 1, 14 (1st Cir.2005)(internal citation omitted). "Absent direct participation, a supervisor may only be held liable where (1) the behavior of [his] subordinates results in a constitutional violation and (2) the [supervisor's] action or inaction was affirmatively linked to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence … amounting to deliberate indifference." *Id.* (internal citations and quotations omitted). A supervisor's action or inaction amounting to deliberate indifference will be found only if "it would be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights." *Germany v. Vance,* 868 F.2d 9, 18 (1st Cir.1989). "The 'affirmative link' requirement contemplates proof that the supervisor's conduct led inexorably to the constitutional violation." *Hegarty v. Somerset County,*

53 F.3d 1367, 1380 (1st Cir.1995)(internal citations and quotations omitted).

In our previous Opinion and Order, (Docket No. 33) we held that even though Toledo did not directly participate in the April 12, 2007 events, he could be found liable. First, the Court found that there could be several constitutional violations on the part of the police officers. Then, the Court held that Plaintiffs' allegations that Toledo failed to adequately train and discipline the police officers together with the claim that Toledo implemented policies that promoted the violation of civil rights were sufficient to bar dismissal since they raised their right to relief above the speculative level.

■■■ Likewise, this Court finds that Plaintiffs have proffered sufficient allegations to preclude Rosa's request for dismissal. As previously mentioned, this Court held that Plaintiffs may have a valid Fourth, Eighth, and Fourteenth Amendment claim. According to Plaintiffs, Rosa's actions and inactions led to the alleged constitutional violations suffered by them. Namely, Plaintiffs contend that Rosa allowed the police officers to perform illegal search and seizures and that he failed to discipline and adequately train said police officers.[1] With these general allegations Plaintiffs have certainly not proven that there is supervisor liability in the present case. Nonetheless, Plaintiffs have raised their right to relief above the speculative level, which is sufficient to bar the dismissal of this section 1983 claim that does not have a heightened pleading requirement.[2]

---

1. Plaintiffs' claim of inadequate training require proof that the failure to train was a policy or deliberate choice made by Rosa and that there is a direct link between Rosa's inaction and the constitutional violation. *See Bowen v. City of Manchester,* 966 F.2d 13, 18 (1st Cir.1992). Evidence of an isolated negligent act is not sufficient to satisfy this heavy burden. *See id.*

2. "In a civil rights case, there is no heightened pleading standard." *Centro Medico del Turabo, Inc. v. Feliciano de Melecio,* 406 F.3d 1, 5 (1st Cir.2005)(citing *Educadores Puertor-*

### 1) *Supplemental Law Claims*

█ This Court should decline to exercise supplemental jurisdiction over a plaintiff's supplemental jurisdiction claims when all federal claims are dismissed. *See Camelio v. American Federation,* 137 F.3d 666, 672 (1st Cir.1998)("[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation.") (citations omitted). Since this Court will not dismiss all the federal claims in the case at bar, Plaintiffs' state law claims shall not be dismissed.

### CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Rosa's Motion to Dismiss. (Docket No. 41).

IT IS SO ORDERED.

*riquenos en Accion v. Hernandez,* 367 F.3d 61, 66–67 (1st Cir.2004)).